**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICHARD TAYLOR BARLOW,

    Defendant-Appellant.

No. 04-4037
(D.C. No. 2:02-CR-476-01-TC)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

Richard Barlow appeals his sentencing for mail fraud and tax evasion arising from operation of a prime bank "Ponzi" scheme , and contends the Supreme Court's recent decision in Booker v. United States , 125 S.Ct. 738 (2005), requires his resentencing. In Booker , the Court held that sentences exceeding the statutory maximum under a mandatory Guidelines regime must be

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

based solely on facts admitted by a defendant or found by a jury under a "beyond a reasonable doubt" standard.     In this case, we must determine whether the district court committed plain error when it enhanced Richard Barlow's sentence by engaging in judicial factfinding as mandated by the Guidelines.     Because we conclude that Barlow has satisfied all four prongs of the plain error test, we **REMAND** to the district court for resentencing.

# I

Barlow pled guilty to two counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342 and one count of tax evasion in violation of 26 U.S.C. § 7201. In the pre-sentence report ("PSR"), the loss attributed to Barlow's criminal conduct exceeded $20 million, triggering a sixteen-level increase to his base offense level of 6 for the fraud charge.  The PSR recommended additional adjustments to his offense level based on five additional factual findings, [1] resulting in an adjusted offense level of 34.  At level 34, the applicable

---

[1] The report concluded that, in addition to the sixteen level enhancement for the loss amount, the following adjustments to his offense level were warranted:  (1) an additional two levels for obstruction of justice under U.S.S.G. § 3C.1.1 because Barlow had violated a federal district court restraining order; (2) two levels under U.S.S.G. § 2F.1.1(b)(4) because Barlow had violated an administrative consent order issued by the Utah Division of Securities; (3) four levels under U.S.S.G. § 3B.1.1(a) as an organizer or leader of an extensive criminal enterprise; (4) two levels because a substantial part of the fraudulent scheme was conducted outside the United States or involved sophisticated means under U.S.S.G. § 2F.1.1(b)(5); and (5) two levels under U.S.S.G. § 2F1.1(b)(2) because the crime involved more than minimal planning or a scheme to defraud more than one victim.

Guidelines range was 151 to 188 months. Based solely on the facts admitted by Barlow in his guilty plea, however, the adjusted Guidelines range for the fraud would have been 10 to 16 months, with a total Guidelines range for all charges of 18-24 months. [2] The court adopted the PSR's factual findings and sentenced Barlow to 151 months' imprisonment.

Barlow appealed and subsequently moved to file a supplemental brief arguing that his sentence was invalid under Blakely v. Washington, 124 S.Ct. 2531 (2004). We granted that motion and will consider his argument in light of the Supreme Court's ruling in Booker, which applied Blakely to the Guidelines. See United States v. Clifton, 406 F.3d 1173, 1175 n.1 (10th Cir. 2005) ("We must apply the holdings in Blakely and Booker to all cases in which a defendant raised an issue under either case.").

## II

Booker holds that when a district court, acting under the mandatory terms

---

[2] Barlow contends on appeal that he should have been sentenced using an offense level no higher than 15, based solely on his admissions. That offense level is predicated on the loss amount from the one victim included in the charge to which Barlow pled guilty, resulting in a Guidelines range no higher than 18-24 months. Barlow, recognizing that the guilty plea and colloquy did not include admissions of the amount of loss to this one victim, argues that the appropriate range "may well have been lower." The offense level of 15 is based on a $82,000 loss to the one victim involved in his plea, using the loss figure contained in his submission at sentencing. We, therefore, estimate that Barlow's sentencing range based solely on facts admitted in his guilty plea would be 18 to 24 months based on a combined adjusted offense level of 15.

of the Sentencing Reform Act, enhances a sentence based on facts it alone finds, it violates a defendant's Sixth Amendment right to have "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict . . . be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)). A constitutional infirmity exists when a court relies upon judge-found facts, other than the fact of prior convictions, to enhance a defendant's sentence mandatorily. United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005) (en banc).

Because Barlow did not raise the Blakely/Booker issue below, we will evaluate his appeal using the plain-error standard, determining if there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-736 (1993); see Gonzalez-Huerta, 403 F.3d at 732. We conduct this analysis "less rigidly when reviewing a potential constitutional error." United States v. James, 257 F.3d 1173, 1182 (10th Cir. 2001); United States v. Easter, 981 F.2d 1549, 1557 (10th Cir. 1992).

## A

In <u>Gonzalez-Huerta</u> we identified two types of <u>Booker</u> error. When a court relies upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily, a court commits constitutional <u>Booker</u> error. A court commits non-constitutional <u>Booker</u> error when it applies the Guidelines in a mandatory fashion even when the resulting sentence was calculated solely on facts that were admitted by the defendant, found by the jury, or based upon the fact of prior conviction. <u>Gonzalez-Huerta</u>, 403 F.3d at 731-32. To determine which error is present in this case, we must determine whether Barlow admitted the facts supporting the sentence.

During the sentencing hearing, Barlow's counsel agreed that the potential loss from the fraud exceeded $25 million dollars and conceded that the computed adjusted Guidelines range was correct. In doing so, the government contends that Barlow admitted all the facts upon which the judge relied to enhance his sentence. We have already held in light of <u>Booker</u>, however, that it is constitutionally impermissible to say that failure to object to a fact in a PSR is equivalent to an admission for purposes of authorizing a sentence enhancement under a mandatory Guidelines system: facts merely unobjected-to are not "admitted by the defendant" or "found by a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at

756; see United States v. Bass, 411 F.3d 1198, 1204 n.7 (10th Cir. 2005). We need not decide whether counsel's concession of the amount of potential loss, made under a preponderance-of-the-evidence standard and prior to the Blakely decision, constitutes an admission by the defendant for Booker purposes sufficient to avoid a Sixth Amendment violation, because the sentencing judge found other facts by a preponderance of the evidence which were used to enhance Barlow's sentence. As a consequence, the district court committed constitutional Booker error when it imposed a sentence at least 100 months longer than Barlow would have received without these enhancements.[3] Moreover, this constitutional error satisfies the second prong of plain error review, because the error is clear or obvious at the time of the appeal. Johnson v. United States, 520 U.S. 461, 468 (1997). Therefore, the first two prongs of the plain error test are met. See Gonzalez-Huerta, 403 F.3d at 732.

**B**

After proving that an error is plain, a defendant must show that it affects his substantial rights. An error affects substantial rights when it is prejudicial; in other words, it must have affected the outcome of the district court proceedings.

---

[3] Taking solely the loss enhancement into account, the combined adjusted offense level would have been 22, resulting in a Guideline range of 41-51 months, compared to the 151-188 month range used by the district court after including the five enhancements relevant to this appeal.

See Olano, 507 U.S. at 734. One approach, recognized in United States v. Dazey, 403 F.3d 1147 (10th Cir. 2005), allows a defendant to establish prejudice either by showing a reasonable probability that a jury, applying a reasonable doubt standard, would not have found the same facts necessary to support the enhancements, or by demonstrating that the district court would reasonably impose a sentence outside the Guidelines range. Dazey, 403 F.3d at 1175.

Testifying at sentencing, Barlow contested the PSR's four level enhancements for violating two restraining orders, arguing he lacked knowledge of either order. At the hearing both parties proceeded by proffer, differing as to the correct amount of actual loss, restitution due, knowledge of the restraining orders, and acceptance of responsibility, with Barlow asserting that the fraud scheme actually did invest the funds received from the various investors in bona fide investments, that the total amount of actual loss was far less than the potential loss figure in the PSR because he returned over $14 million to investors, and that the amount retained by the operators of the scheme was far lower than that retained in other fraudulent schemes. Although the government presented evidence to support the five enhancements, Barlow testified and continued to deny many of the factual findings in the PSR during the sentencing hearing – a circumstance that caused the sentencing court to reject his motion for downward

departure for acceptance of responsibility.[4]  Barlow's testimony on his lack of knowledge of the two restraining orders could have created a reasonable doubt in the minds of a jury.

Thus, after reviewing these issues "less rigidly," as we must, we conclude, in light of these disputes and the existence of conflicting evidence in the record, that there exists a reasonable probability that a jury would not have found the material facts underlying the two enhancements involving the restraining orders beyond a reasonable doubt.

Moreover, all of Barlow's assertions as to the amount of actual loss, his contention that bona fide investments were made, and the amount of money retained are facts that the pre-Booker Guidelines considered irrelevant to the determination of the mandatory Guidelines range.  Barlow argued for a downward departure based on his age, status as a good citizen and church member, aberrant behavior and atypical crime.  Although these mitigating factors might not have justified a downward departure under a mandatory Guidelines regime, these facts, conjoined with Barlow's assertions that the actual loss was far less than asserted by the government, reasonably may have influenced the district court in a purely discretionary sentencing decision.  See United States v. Ranum, 353 F.Supp. 2d

_____

[4] In fact, Barlow continued to deny any intent to defraud his investors.  On this basis, he sought to withdraw his guilty plea; the district court denied his request.

984, 985-86 (E.D. Wis. 2005) (concluding that factors formerly forbidden to be considered under the Guidelines, such as a defendant's age, family ties and responsibilities, and physical, mental and emotional condition, may now be considered, post-Booker, pursuant to § 3553(a)). The fact that the district court sentenced Barlow at the bottom of the mandatory sentencing range adds to our conclusion that the district court might reasonably impose a different sentence under a discretionary regime. Under both approaches recognized in Dazey, Barlow has established the requisite prejudice and effect on his substantial rights to satisfy Olano's third prong.

C

Our final step in the plain error analysis is determination whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," such that we should exercise our discretion to correct it. Because the district court's plain error affected Barlow's Sixth Amendment constitutional rights, "the 'plain error review burden' imposed on [Barlow] is 'less rigorous' than it would otherwise be in a case involving non-constitutional error." Bass, 411 F.3d at 1205 (citing Dazey, 403 F.3d at 1178). The district court's fact-finding on the two sentence enhancements increased Barlow's offense level by 4 levels, thus increasing his sentencing range from 97-121 months to 151-188 months. This 30-month sentence disparity weighs heavily when viewed in conjunction with the 100-month disparity between the sentence authorized by

Barlow's plea and admissions and the sentence imposed by the district court.[5]

The district court made these findings despite Barlow's testimony contesting the underlying facts, and his attempt to present evidence that other factors not taken into account by the Guidelines were present. See id. at 1205. We also consider that the district court sentenced Barlow at the bottom of the applicable Guidelines range. Id. On consideration of all of the circumstances, we conclude that this plain error warrants remand for resentencing.

### III

Barlow argues, and the government concedes, that the district court erred in delegating the scheduling of restitution. Both 18 U.S.C. §§ 3664(f)(2) and (k), and our decision in United States v. Overholt, 307 F.3d 1231 (10th Cir. 2002), establish that the district court committed plain error in delegating the schedule for payment of restitution to the Bureau of Prisons and, upon Barlow's release from prison, to the probation office. Therefore, upon remand, the district court

---

[5] Although the error in this case involved a sentence that exceeded that authorized by Barlow's plea and admissions by 100 months, this component of the fourth prong analysis considers only the 30-month sentence disparity that resulted after our third prong analysis under the first Dazey approach. Nevertheless, because we also conclude that Barlow's substantial rights were affected under the second approach recognized in Dazey, we view the 30-month sentence disparity here as weighing more heavily in the fourth prong, and warranting resentencing when combined with the other factors listed above.

should set a schedule for payment of restitution.[6]

## IV

For the foregoing reasons, Barlow's conviction is **AFFIRMED**, but we

**REMAND** to the district court with instructions to vacate Barlow's sentence and

for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[6] Additionally, Barlow contends for the first time on appeal that the magistrate never formally "accepted" his plea of guilty. A determination of whether the magistrate "accepted" the guilty plea is fact-intensive and we may exercise our discretion not to review the issue when the appellant's failure to raise the objection below prevented the district court from making necessary findings of fact. Because Barlow's failure to raise the issue prevented the district court from inquiring into the facts, we decline to consider it. See United States v. Dewitt, 946 F.2d 1497, 1502 (10th Cir. 1991); see also Easter, 981 F.2d at 1556 ("[P]lain error review is not appropriate when the alleged error involves the resolution of factual disputes.").