**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 12, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KIRK IRVING KOSKELLA,

Defendant-Appellant.

No. 06-4063

(D. of Utah)

(D.C. Nos. 04-CV-1186-DB and
00-CR-594-JTG)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Kirk Irving Koskella, a federal prisoner convicted in Utah, requests a

Certificate of Appealability (COA) following two district court denials of motions

to vacate his sentence under 28 U.S.C. § 2255. As Koskella makes his request

*pro se*, we construe his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610,

613 (10th Cir. 1998). We will issue a COA "only if the applicant has made a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finding no constitutional rights were denied Mr. Koskella, we reject his request for a COA and DISMISS the appeal.

**I.**

Kirk Irving Koskella pled guilty to conspiring to defraud the Internal Revenue Service and to wire fraud. *United States v. Koskella*, 118 F.App'x. 422 (10th Cir. 2004). Koskella received two five-year terms of incarceration to be served consecutively and was ordered to pay $14,733,439.91 in restitution. In an earlier appeal, we found the district court erred by delegating responsibility for determining Koskella's restitution payment schedule to the Bureau of Prisons and the Probation Office. *Id.* at 423. Further, we noted that the district court failed to order the restitution be shared jointly and severally with Koskella's co-conspirators, something to which the government, district court, and Koskella's counsel had agreed. *Id.* at 423–24. The government conceded both points and we remanded for the district court to issue a payment schedule as well as an order on whether restitution should be joint and several. *Id.*

At a January 21, 2005 hearing, the district court determined the restitution payment should be joint and several and issued a preliminary payment schedule. The payment schedule and the joint and several nature of the restitution were laid down by court order on February 28, 2005. Subsequent to this order, Koskella

made numerous motions pursuant to § 2255, which the district court denied in separate orders dated September 2, 2005 and February 9, 2006.

## II.

On this request for COA, he raises two issues: 1) that he was not properly represented by counsel at the January 21, 2005 hearing, and 2) that his § 2255 motions were not given a proper hearing.

*A. Counsel Representation*

Koskella first contends that his counsel withdrew in April 2004 and had no contact with Koskella for more than ten months before the January 21, 2005 hearing. He argues these facts demonstrate denial of proper representation at the hearing. He also argues counsel refused to present motions regarding his § 2255 claims, leaving Mr. Koskella to present the claims himself. He contends that these transgressions amount to a constitutional violation.

Koskella directs us to our unpublished decision in *United States v. Barlow,* 143 F.App'x. 965 (10th Cir. 2005). He appears to argue, based on *Barlow*, that plain error by the district court in delegating the scheduling of restitution payments requires remand for review of the sentencing decision itself. At critical stages of such a sentencing remand, Koskella would have a right to counsel. *See United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993). But in *Barlow*, there was plain error in the actual sentencing decision as well as the district court's failing to set the restitution schedule. We vacated Barlow's sentence

based on the plain error that occurred in the underlying sentencing decision, not on the failure to set a restitution schedule.

Koskella mistakes our finding of plain error with regard to the restitution issue in his case for a finding of plain error with regard to the entirety of the sentencing. We did not reverse and remand the entire sentencing in *Koskella* as we did in *Barlow*. We only remanded for a determination of joint and several liability and an order setting forth the restitution schedule. The court implemented everything required by our decision with its February 28 order and did so in Koskella's favor. All of Koskella's claims arising from our decision were therefore vindicated. With no evidence of harm, we cannot identify a constitutional foul arising from the January hearing that could be remedied through grant of a COA.

### B. Hearing on § 2255 Claims

Koskella also claims the district court erred in denying his § 2255 motions without hearing. But a prisoner is not entitled to a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As part of his plea bargain, Koskella waived his § 2255 appeals.

Under *United States v. Hahn*, we will uphold a waiver of appellate rights when three conditions are met: 1) the disputed waiver falls within the scope of the waiver of appellate rights, 2) the defendant knowingly and voluntarily waived the

appellate rights, and 3) enforcing the waiver would not result in a miscarriage of justice. 359 F.3d 1315, 1325 (10th Cir. 2004). Based on the record in this case, namely the defendant's statement in advance of his guilty plea as well as the colloquy between the district court and Koskella at his December 12, 2000 plea hearing, it is clear that the first two conditions are met.[1] None of the four situations identified by the *Hahn* court as contributing to a miscarriage of justice are present here either: 1) The district court did not rely on an impermissible factor such as race, 2) there is no contention of ineffective assistance of counsel regarding the waiver, 3) the sentence imposed on Koskella did not exceed the statutory maximum, and 4) the waiver is not otherwise unlawful. Koskella's plea bargain was sufficient to waive his § 2255 appellate rights. His § 2255 motions were therefore not entitled to a hearing.

Mr. Koskella has subsequently filed supplemental § 2255 claims arguing that the federal government lacked jurisdiction, failed to establish a Commerce Clause nexus to his crime, and that the entire Title 18 of the U.S. Code is unconstitutional. Not only do these claims lack merit and/or relevancy, but as

---

[1] While the district court committed error by not engaging in a colloquy with the defendant specific to waiver of the appellate rights, we find that under the analysis of *United States v. Edgar*, 348 F.3d 867, 872 (10th Cir. 2003), the district court's error did not affect Koskella's substantial rights, so the waiver stands. The plea agreement expressly states that Koskella waives his right to appeal of § 2255 relief.

they all relate to a § 2255 habeas claim and we have found Mr. Koskella has waived such claims, he is denied COA on these claims.[2]

For the foregoing reasons, we DENY Mr. Koskella's request for COA, and his motion for leave to file supplemental pleading, and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] Given the adequacy of his waiver, we will not entertain any further § 2255 claims from Mr. Koskella with regards to his charged offenses.